## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 8:13-CR-48-T-30TBM

JOHN B. QUICK

    Defendants.

_____/

## DEFENDANT JOHN B. QUICK
## SENTENCING MEMORANDUM

The Defendant, John Buster Quick, submits his sentencing memorandum in support of his pending objections to the current presentencing report (PSIR) and his request for a downward variance from his proposed sentence range of 57 to 71 months imprisonment calculated by the probation officer in October, 2014.

The undersigned attorney has been informed by the probation officer that a revised PSIR will be submitted on December 4, 2014.

### STATEMENT OF FACTS

[1]John Buster Quick, John Lanning, and Rajan Raj were medical doctors employed by a pain clinic owned and operated by Warren and Aigoul Gold. All originally were charged with a conspiracy involving the distribution of oxycodone. The Gold's were additionally charged with many other criminal violations.

Subsequently, Lanning, Quick and Raj were separately charged with by a superceding indictment. Mr. Quick was charged with dispensing 120 tablets of 15 mg oxycodine … not in

---

[1] Because all three men gave up their medical licenses, they will be referred to as "Mr." rather then "Dr.".

the usual course of medical practice.  Each ultimately entered a guilty plea to the charge. Mr. Lanning received a sentence of three years of probation with 3 months of home detention[2].

Mr. Raj was sentenced on November 4, 2014 and received a sentence of three years probation, three months home detention and a $10,000.00 fine.

It should be noted that Mr. Lanning PSIR scored him out to a level 12 and did not factor relevant conduct from consideration in its calculation.

Mr. Raj's PSIR (authored by the same probation officer as Mr. Quick) took relevant conduct into consideration and recommended a proposed sentencing range of 57 to 71 months imprisonment.

## DEFENDANT'S AND GOVERNMENT'S
## OBJECTION TO RELEVANT CONDUCT

Both the prosecutor and the Defendant timely objected to the PSIR's use of relevant conduct to enhance Mr. Quick's base level.  Since both the Defendant's plea and the superceding indictment itself clearly specified 120 tablets of 15mg of oxycodone, the PSIR incorrectly recommended that Mr. Quick be held responsible for all of the controlled substance he prescribed to undercover officers during their visits to the Gold Pain Clinic.  The Defendant's PSIR investigation seeks to hold Mr. Quick responsible for a total of over 1000 dosage units of various oxycodone as opposed to the amount he pled to 120 dosage units of 15 mg oxycodone in the supperceding indictment.  The PSIR calculations results in a level of 25.  The Defendant asserts that the true base level that the Court should consider is level 12.  The PSIR reflects that all sales to undercover officers should be scored as relevant conduct - a position that both the Defendant with the Government have expressed is improper.

---

[2] Interestingly enough, Mr. Lanning's PRIR was composed by a different probation officer then Mr. Quick and Mr. Raj.  Mr. Lanning's probation officer did not factor relevant conduct into her calculation.

The PSIR adopts a theory that a greater quantity of oxycodone is appropriate according to the relevant conduct principal of U.S 56.§ 1B1 .3.  However, as applied to the controlled substances, relevant conduct is limited to quantities which Mr. Quick was directly involved in and pled to in the superceding indictment.  The Defendant did not admit to that amount and Mr. Quick pled only to the amount alleged in the superceding indictment.

## ABUSE OF A POSITION OF TRUST OR USE OF A SPECIAL SKILL

Mr. Quick also objected to the two level enhancements for use of a special skill or a licensed physician as contained in the PSIR.  However, Mr. Quick maintains that his alleged enhancement is subsumed in the change itself.

U.S. S. 6 § 3B13 indicates that:

> **"This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic.**

Mr. Quick status as a physician is an essential element of the superceding indictment.  To commit the offense, it would be essential that the Defendant be a physician.  A imposition of additional punishment based only the Defendant's status as a physician is an impermissible double enhancement of his offense level.

## MOTION FOR A VARIANCE FROM ADVISORY GUIDELINE SENTENCE

Pursuant to 18 USC 3533, Mr. Quick requests this Court sentence him to two years probation which is within the range of potential punishment assuming a variance is granted pursuant to the Smarter Sentencing Act of 2014 as well as other factors.  Considering the plea agreement by the parties is not binding on the Court, Mr. Quick recommends that his offense

level should result in a level 8, criminal history I.  Mr. Quick believes the Court should take into consideration the following:

1. Mr. Quick should benefit from the "safety value".

2. Mr. Quick should receive a 2 level variance pursuant to the Smarter Sentencing Act of 2014.

3. Mr. Quick assisted in the Government in the timing of his plea which in turn caused Mr. Raj to plea.  Mr. Quick believes the Government will file a 5K1 motion as a result.

4. Mr. Quick has no prior criminal history and has led a lifetime of good achievements and service to his community, country and patients with no criminal issues at all until he was employed by the Gold Pain Clinic.

5. The Defendant is 77 years old and is in poor health.  A representative sample of Mr. Quick's medical file was submitted to the probation officer.  The records indicate the Mr. Quick suffers from significant cardiac problems along with other issues with other organs.  He is morbidly obese and has been a diabetic for many years.  He has diabetic neuropathy in his feet and legs.  He has significant hearing problems.  His health can only be categorized as problematic and will progressively worsen as he ages.  Mr. Quick requests that the Court reduce his sentence by three levels for this reason alone.

6. Mr. Quick has surrendered his DEA license as well as his medical license.

7. Mr. Quick is the ideal candidate for probation.  He is not a threat to reoffend nor is a danger to the community.

8. Mr. Quick is solely responsible for the maintenance of his wife and his handicapped step-son.

9. Mr. Quick's sentence should be consistence with those given to both Mr. Lanning and Mr. Raj.

## FACTUAL BACKGROUND

Mr. Quick has been a medical doctor for over 40 years and practice in four states – California, Florida and others. He has worked in a general medical practice as well as trauma centers throughout the State and Florida.

Because of his ill health, it has been neither safe nor advisable for Mr. Quick to drive substantial distance from his Bradenton home. For this reason alone, his initial employment at the Bradenton location of Gold Clinic seemed like a good deal.

Mr. Quick began working for the Gold's on or about May 2010. His responsibilities were to evaluate each patient by reviewing his self-reported history, completing a physical exam and ordering an MRI and /or blood work. Mr. Quick, like Mr. Lanning and Mr. Raj would prescribe medication based upon those findings. The Gold's ran the protocol for the Clinic and were responsible for the verification and validation of the MRI's which would qualify them as legitimate pain management patients. Many of Mr. Quick medical files show proper protocol. Others unfortunately did not. Mr. Quick certainly has admitted his wrongdoing in the Gold's Pain Clinic but hopes that the Court takes into consideration the times he reduced or eliminated a patient's medication level.

Mr. Quick, requests this Court takes into consideration the fact that he has never received a medical discipline in his 40 years plus practice as a doctor.

## GUIDELINES

The guidelines are still important but they are now one of several equally important facts the Court must consider in fashioning a sentence that is "… sufficient but not greater" than necessary to achieve the objections designated in 18 USC § 3553 as a result of <u>Booker</u>.

The factors set forth in 18 USC § 3553 include:

1. The nature and circumstances of the offense and the history and characteristics of the defendant.

2. The need for the sentence imposed

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

    b. to afford adequate deterrence to criminal conduct

    c. to protect the public from further crimes of the defendant

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

3. The kinds of sentences available

4. The kinds of sentence and the sentencing range

5. Any pertinent policy statement

6. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;**

    **(Bold for emphasis)**

7. The need to provide restitution to any victims of the offense.

An analysis of these factors strongly support imposing a sentence of probation.

## NATURE AND CIRCUMSTANCES
## AND HISTORY AND CHARACTERISTICS OF THE
## DEFENDANT'S 18 USC § 3553

In the summary the Defendant prevents several mitigation circumstances

a. He is in poor health.

b. He joined the Gold Clinic in Bradenton large part to avoid him having to drive to Sun City. Subsequently. The Gold's had a driver to take him to subsequently Gold's facilities in Polk County.

c. He had a relatively short term of employment with the Gold Clinic.

d. He has cooperated with authorities and hopes the Government will file a 5K1 motion.

e. Until his unfortunate episode with the Gold's, he had a distinguished medical history.

f. The effect on his economic future. Dr. Quick is no longer a doctor and will be a convicted felon. Given his poor health, his prospects of employment in the future are bleak. Because of his poor economic future, it will be difficult for him to provide for his unemployed wife and handicapped child. See U.S. v. Owens, 145 F3d 923 (7th Cir. 1998), U.S. v. Mena, 968 F. Supp. 115, 118 (E. D. New York 1997), U.S.A. v. Rioux, 97 F3d 648, 663 (2nd Cir. 1996)

g. He cares for his wife and handicapped son both whom are unemployable.

7

## MITIGAITON

Without further argument, the Defendant would submit

1. His role, although greater than John Lanning's was still minor in comparison to the Gold's.  he would therefore respectfully request a two level departure from the guidelines.

2. His cooperation resulted in Dr. Raj's plea.

3. Safely valve – all parties agree that the Defendant meets the criteria for the safely valve.

4. Families ties, civil and public service – See **Rita v. U.S**., 127 S. Ct. 2456, 2473 (2007)

5. Both co-Defendant received non-incarceration sentence.  The U.S. Supreme Court has held that is appropriate for Judges to impose a below a guideline sentence and need to avoid unwarranted similarities among other [Defendant's] who [are] not similarities situated.  **Kimbrough v. U.S.,** 128 S. Ct. 558 (2007).

6. The 76 years of his life where he led a blameless life and preformed public service the Defendant's age, education, medical, condition, employment factors, family ties, civil charitable and public service can all be considered, see **Rita v. U.S**., 127 S. Ct. 2456, 2473 (2007) Justice Stevens and Ginsburg concurring.

## CONCLUSION

Mr. Quick believes his level should be no more than 8.

## FINE

Mr. Quick is living on a very limited financial basis and supporting his wife and handicapped son as best as he can.  He requests that he mot receive a fine.

The Defendant believes a sentence of no more than probation would be "sufficient bur not greater than necessary." To achieve the objection designated in 18 USC § 3553 as recently endorsed by the Eleventh Circuit in <u>U.S. v. Williams</u>, 435 F3d 1350 (11th Cir. 2006).

                                          Respectfully submitted,

                                           _S/ Mark Lipinski_____
                                          **MARK LIPINSKI, ESQUIRE**
                                          Florida Bar No. 230278
                                          **SCARLETT  R. GUY, ESQUIRE**
                                          Florida Bar No.  0627623
                                          Mark Lipinski, PA
                                          518 12th Street West
                                          Bradenton, Florida  34205
                                          (941) 747-5228
                                          (941) 747-0721
                                          mlipinskilaw@yahoo.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I U.S. mailed the forgoing document and notice of electronic filing to United State Attorney Matthew Jackson.

                                           _S/ Mark Lipinski_____
                                          **MARK LIPINSKI, ESQUIRE**
                                          Florida Bar No. 230278
                                          **SCARLETT  R. GUY, ESQUIRE**
                                          Florida Bar No.  0627623
                                          mlipinskilaw@yahoo.com